## Robert v. Lower Bucks County Joint Municipal Authority

C.P. of Bucks County, no. 94-6328-18-5.

*Jack Sirott,* for plaintiffs.
*Michael T. Stewart,* for defendant.

BIESTER, JR., *J.,* June 28, 1996—

### FINDINGS OF FACT

(1) Plaintiffs, Susan Robert, Philip Smythe, and Susan Wallover, adult individuals, are citizens and residents of the County of Bucks, Commonwealth of Pennsylvania.

(2) Defendant, Lower Bucks County Joint Municipal Authority (LBCJMA), is a body corporate and politic organized and existing under the Municipal Authorities Act of 1945, as amended, Act of May 2, 1945, P.L. 382. (53 P.S. 301 et seq.)

(3) At all relevant times, William Huhn, John W. Servis Jr., Michael A. Pirolli, James W. Pekarski, Edward T. Czyzyk, and A.V. Gesualdi collectively constituted the Board of Lower Bucks County Joint Municipal Authority.

(4) Plaintiffs were full-time employees of defendant LBCJMA on and prior to July 20, 1994.

(5) Plaintiffs were at-will employees of defendant LBCJMA.

(6) On July 20, 1994, the managing director of LBCJMA, August Baur, informed plaintiffs that they were being terminated from employment with LBCJMA on July 22, 1994.

(7) On July 22, 1994, the managing director gave plaintiffs written notice of their termination by letter.

(8) The basis for the plaintiffs' terminations was given as a "reorganization of the authority's staff" and was based on an alleged reorganization plan which purportedly directed that the plaintiffs be terminated.

(9) The managing director told the plaintiffs that the plan had been adopted at a public meeting of LBCJMA held on July 18, 1994.

(10) The board action of July 18, 1994 was accurately recorded in a verbatim transcript and made part of the record of this matter.

(11) The meeting of July 18, 1994 was duly authorized and proper notice of the meeting was given to the public.

(12) The proposed reorganization plan was not an agenda item for the July 18, 1994 meeting of the LBCJMA board.

(13) At the meeting of July 18, 1994, the board of directors allegedly voted to "change the table of organization." However, the board provided no details of the proposed changes, presented no written plan, and gave no directives on how such a reorganization was to occur.

(14) At the meeting of July 18, 1994, there was some discussion between the board members regarding the motion to adopt a reorganization plan.

(15) During the meeting, limited public questions were allowed and answered by members of the board.

(16) In response to the public's questions, board member William Huhn assured the public that no LBCJMA employees were going to be fired.

(17) At the meeting of July 18, 1994, the board did not provide the managing director, August Baur, with the express authority to terminate the employment of any employees. Mr. Baur has no general authority to fire.

(18) At the meeting, the board chairman twice explained to the public that the motion to adopt a reorganization plan did not include dismissal or termination of any employee.

(19) At no time did any board member correct the representations of the chairman that the reorganization plan was still being worked on and that no employee was to be fired.

(20) Prior to March 21, 1995, the only discussion the board members had regarding the proposed reorganization plan took place at committee meetings which were closed to the public.

(21) No finalized organization plan was presented to the board at the time the board allegedly voted on a plan during the July 18 meeting.

(22) A version of an alleged plan refers to new positions, increasing the existing staff by seven, and makes no reference to any named employees.

(23) No finished plan was adopted at the July 18, 1994 meeting.

(24) No vote was taken on July 18, 1994, or at any other meeting open to the public, specifically terminating plaintiffs' employment with defendant, LBCJMA.

(25) At a board meeting on March 21, 1995, a proposed table of organization was put before the board, and a motion was made by James Pekarski to reorganize the authority.

(26) At the March 21, 1995 meeting, the motion to reorganize the authority was seconded by William Huhn, and was approved by a unanimous board.

(27) At no time after the approval of the reorganization plan did the managing director, August Baur, take any step pursuant to that plan to terminate the plaintiffs' employment.

## DISCUSSION

Plaintiffs, Susan Robert, Philip Smythe, and Susan Wallover, were each employees-at-will of the Lower Bucks County Joint Municipal Authority. As employees-at-will, the LBCJMA had the right to fire plaintiffs at any time, and for any reason. *Geary v. U.S. Steel Corp.,* 456 Pa. 171, 319 A.2d 174 (1974). However, termination of LBCJMA's employees is an action which requires board authorization. "The board shall fix and determine the number of officers, agents and employees of the authority and their respective powers, duties and compensation . . . ." Municipal Authorities Act of 1945, as amended, 53 P.S. 309(C). Without such authorization, the termination of an employee would be null and void.

The attempted terminations of the plaintiffs were carried out by August Baur, the LBCJMA's managing director. No employment termination power was ever delegated to Mr. Baur. Regarding the termination of

the authority's employees, Mr. Baur's employment contract provides as follows:

"The parties agree that:

"(a) The managing director shall furnish recommendations to the board of the authority on all matters having to do with selection, appointment, assignment, transfer, promotion, organization, reorganization, reduction or termination of personnel employed or to be employed by the authority."

There is no evidence that the managing director made a recommendation to the board regarding the plaintiffs' terminations.

The board, however, alleges that the authority to terminate was given to Mr. Baur by means of a reorganization plan purportedly adopted at the July 18, 1994 meeting. No such plan was adopted. Although some sort of plan was mentioned, it is clear from the transcript of the board meeting that the board never voted to ratify a finalized and complete version of any reorganization table. Because the board never directly or indirectly gave the managing director the authority to terminate the plaintiffs' employment, they were not effectively terminated by him on July 22, 1994.

Defendant LBCJMA also suggests that if the plan was not adopted at the July 18, 1994 meeting, then it was properly "ratified" at a meeting held by the board on March 21, 1995. We agree that a completed plan of reorganization was adopted at the meeting of March 21, 1995.

The plan adopted at the March 21 meeting constructively gave the managing director the authority to terminate the plaintiffs. However, after the authority was delegated to Mr. Baur, neither he nor the board did anything to effectively terminate the plaintiffs. As a

result, the plaintiffs have never been legally terminated and they are entitled to back pay at least through the date of this decision.

## CONCLUSIONS OF LAW

(1) The managing director, August Baur, has no authority to take employment-related actions not expressly or impliedly authorized by the board.

(2) Termination of LBCJMA's employees is action requiring board authorization. Without such authority, any attempted termination is null and void. Municipal Authorities Act of 1945, as amended, 53 P.S. 309(C).

(3) No complete and final reorganization table was effectively adopted at the July 18, 1994 meeting of the board of LBCJMA.

(4) A reorganization table was adopted at the March 21, 1995 meeting.

(5) The adoption of the March 21, 1995 plan gave August Baur, the managing director, the authority to terminate the plaintiffs' employment.

(6) The plaintiffs were never terminated by the managing director after he had received the authority to terminate them; nor were the plaintiffs ever terminated by the board.

(7) Because the plaintiffs have not been terminated pursuant to any board authority, they were never effectively terminated.

(8) Plaintiffs are entitled to full back pay, at least through the date of this decision.

## DECREE NISI

And now, June 28, 1996, upon consideration of the materials that have been brought to our attention and the hearings that we have held, we do now find that

462

Lower Bucks County Joint Municipal Authority is obligated to pay plaintiffs, Susan Robert, Philip Smythe, and Susan Wallover, the full amount of their respective back pay through the date of this decision, less any mitigation of damages.

The prothonotary is directed to notify the attorneys of record of the filing of this adjudication pursuant to Pa.R.C.P. no. 1517 and, if post-trial motions are not filed within 10 days after such notice in accordance with Pa.R.C.P. no. 227.1, to enter the decree nisi, on praecipe, as the final decree in accordance with Pa.R.C.P no. 227.4.